Karl G. Anuta, WSBA No. 21346
Law Office of Karl G. Anuta, PC
735 S.W. First Ave., Second Floor
Portland, Oregon 97204
Phone (503) 827-0320
Fax (503) 228-6551
kga@integra.net

Thane W. Tienson, WSBA No. 13310
Landye Bennett, Blumstein, LLP
1300 SW 5th Avenue, Suite 3600
Portland, Oregon 97201
Phone (503) 224-4100
Fax (503) 224-4133
ttienson@lbblawyers.com


IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE COALITION TO PROTECT PUGET SOUND HABITAT, a non-profit Corporation, | |
| Plaintiff, | Case No. C16-950RSL |
| v. | JOINT STATUS REPORT |
| U.S. ARMY CORPS OF ENGINEERS, an agency of the United States of America, LIEUTENANT GENERAL TODD T. SEMONITE in his Official Capacity as Chief of Engineers of the U.S. Army Corps of Engineers; BRIGADIER GENERAL SCOTT A. SPELLMON, in his Official Capacity as COMMANDER of the Northwestern Division of the U.S. Army Corps of Engineers; and COLONEL JOHN G. BUCK, in his Official Capacity as Commander of the Seattle District of the U.S. Army Corps of Engineers, | |
| Defendants. | |
| TAYLOR SHELLFISH COMPANY, INC. Intervenor Defendant | |

Page 1 - JOINT STATUS REPORT

**1. NATURE & COMPLEXITY OF CASE:**

Plaintiff's claims fall into two categories.  First, there is a facial and an as implemented challenge to the U.S. Army Corps of Engineers Nationwide Permit (NWP) #48 - Shellfish Aquaculture that was reissued on February 21, 2012.  Second, the plaintiff has alleged a claim asserting that the Corps Failed To Act on a Petition submitted by the plaintiff, to suspend any further authorizations under NWP 48 (or to temporarily revoke NWP 48) in Puget Sound.

NWP 48 is a permit issued pursuant to the Clean Water Act.  The substantive laws that apply are the Clean Water Act and the National Environmental Policy Act.  Review is pursuant to the Administrative Procedures Act (APA).

On the First claim, the parties agree that is reviewed on the Record.  The Corps is currently preparing a draft of the proposed Record.  The parties expect to submit cross Motions for Summary Judgment on this claim, once the Record is settled.

On the Second claim, plaintiff contends that it is entitled to discovery on the Failure To Act claim, but it has agreed to hold off resolving that issue until plaintiff reviews the Corps' proposed Administrative Record.  The defendants and intervenors do not believe plaintiff has stated a valid Failure To Act claim, and therefore take the position that there is no discovery available, and that this claim can also be resolved on cross Motions for Summary Judgment.

**2. JOINDER OF PARTIES:**

Plaintiff does not believe there are any additional parties that need to be joined. Interenor disagrees.  Defendants take no position at this time.  The parties have agreed on a deadline for joining additional parties of December 8, 2016.

**3. MAGISTRATE CONSENT:**

No.

**4.  RELATED CASES:**

None.

**5.  INITIAL DISCLOSURES**:

The parties agree that since this is at least, in part, a Record Review case, no useful purpose would be served by initial disclosures and they jointly request that the court waive the requirement for initial disclosures under FRCP 26(a).

**6.  CHANGES IN EXPERT AND PRETRIAL DISCLOSURES:**

Since it is not yet clear if discovery will be needed, or if experts will be needed or appropriate, for now the parties jointly request that the court waive any applicable disclosure deadlines in FRCP 26(a)(2-4).

**7.  DISCOVERY MANAGEMENT PROPOSAL:**

The parties have agreed that the case should be Bifurcated into Liability and Remedy phases.  The Corps has agreed to produce documents that it believes constitutes the "Record" for both of plaintiff's claims, to the other parties, for review and potential supplementation by the other parties.

Since there is currently a dispute between the parties as to whether discovery is either available, or needed, and since that dispute will not be resolved until plaintiff reviews the proposed Administrative Record, the parties suggest that no Discovery Plan of the type specified in LCR 26(f)(D) is needed **at this time**.  If any party determines that the proposed Administrative Record on either claim is inadequate, that party may request that the Court determine whether discovery is appropriate and if so what form(s) of discovery the parties may engage in.

The parties also want to let the court know that there are actions expected of the Corps, in March of 2017, that may affect the case.  The Corps currently plans to issue a 2017 version of NWP 48 at that time.  The parties disagree about what effect, if any, such an action would have on the two claims in the case.  It is possible that a 2017

NWP 48 could result in the filing of an Amended Complaint, and Amended Answers, and a Supplemental Record.  That might push the parties current proposed schedule below back some what.

   The parties have agreed that, if plaintiff prevails in the Liability phase, then the parties will provide the court a proposed Discovery Plan before any Remedy phase of the case.

   For now, the parties propose the following schedule:

| | |
|---|---|
| -January 11, 2017 | Corps completes compilation of their proposed "Record" on both claims, and distributes that to the other parties; |
| -February 13, 2017 | Parties complete their review of proposed Record and provide to or identify for the Corps any supplemental documents that the parties believe should be included. Plaintiff also to advise the other parties whether it believes depositions or other discovery is needed on the Failure To Act claim; |
| -March 1, 2017 | Corps to file with the court the completed Record, on all claims; unless plaintiff contends that discovery is necessary on the second claim, then the corps to file with the Court the final Administrative Record on the first claim; |
| -March 31, 2017 | Motion for resolution of discovery issue to be filed, if parties deem that necessary; |
| -April 15, 2017 | Parties to jointly advise the court whether NWP 48 2017 has been issued, and if so on what date.  Parties will also jointly advise the court whether the parties believe the scheduling Order will require Amendment in light of the existence of 2017 NWP 48 and if so how; |
| -May 31, 2917 | Cross Motions For Summary Judgment due from all parties; |
| -July 31, 2017 | Opposition Memo's to opposing party Summary Judgment Motions due; |
| -August 31, 2017 | Summary Judgment Replies Due; |
| -Thereafter | Court sets Oral Argument on Cross Motions For Summary Judgment; |

**8.  PRESERVATION OF INFORMATION:**

The Corps represents that it has preserved and is preserving all information that relates to both of plaintiffs claims.  Consequently, the parties do not anticipate that there will be a preservation issue;

**9.  ELECTRONICALLY STORED INFORMATION:**

The Corps stores most, if not all, of the information at issue electronically.  The Corps will be providing the other parties, and the court, with one or more DVD's that contain all the documents that the Corps believes constitute the Record on all claims. Consequently, the parties currently believe there will be no ESI issues;

**10.  UNIQUE PRIVILEGE ISSUES:**

None of which the parties are aware;

**11.  INADVERTENT DISCLOSURE PROCEDURES:**

The parties propose that the court incorporate into its scheduling Order the following agreement:

If privileged information is inadvertently disclosed, notice will be promptly provided to the disclosing parties when that is discovered that such has occurred.   The inadvertently disclosed information will be immediately destroyed by the receiving party - unless there is a dispute on the privilege issue, in which case the parties agree to immediately confer to try and resolve the issue among themselves and, failing resolution, to seek judicial resolution of the dispute.  The parties agree that during the pendency of any such effort to seek judicial review, there will be no disclosure of the inadvertently disclosed information to any other entities.  The parties also agree that no use will be made of any inadvertently disclosed material, and that any such inadvertent disclosure in no way constitutes a waiver of any otherwise applicable privileges;

**12.   DISCOVERY CHANGES:**

The parties do not propose any changes to the limitations on discovery, if the parties agree, or the Court determines, that discovery is necessary;

**13.   DISCOVERY DEADLINE:**

The parties agree that no discovery deadline should be imposed at this time. Should the parties agree, or the Court determine, that discovery is necessary in the future, the parties will request that the Court impose a discovery deadline at that time;

**14.   EFFICIENCY MEASURES:**

As noted, the parties propose to bifurcate the case and have Liability briefed, argued and resolved, before the court addresses the Relief issue.  That makes considerably more sense for the parties and the court, as the issues during a Relief phase would likely be different.  Also, if the Court resolves Liability in the Corps' favor, Relief is a moot point, and if Liability is found, then the parties will want the opportunity to try to negotiate an acceptable resolution on the Relief phase before bringing the matter to the court for resolution;

**15.   ALTERNATIVE DISPUTE RESOLUTION:**

The parties do not think that use of a Magistrate Judge for a Settlement Conference would be productive at this time.  If that changes at any point, the parties will promptly notify the court;

**16.   TRIAL DATE:**

Since the parties anticipate Cross Motions For Summary Judgment on at least one of the claims, they respectfully suggest that it would be inappropriate to set a trial date at this time;

**17.   NATURE OF TRIAL:**

Non-jury;

**18.  LENGTH OF TRIAL:**

Unknown at this time; and

**19.  DISCLOSURE STATEMENTS & ANSWERS:**

Plaintiff and Intervenor filed their disclosure statements on June 24, 2016, and August 16, 2016, respectively.  Intervenor will not file an Answer, and instead intends to rely on and adopt the Answer already filed by the Corps.

Date this 7th day of November, 2016

LAW OFFICE OF KARL G. ANUTA, P.C.

_____*/s/Karl G. Anuta*_____
KARL G. ANUTA (OSB #86142)
kga@integra.net

LANDYE BENNETT BLUMSTEIN
Thane Tienson (WSBA #13310)
Ttienson@lbblawyers.com
Attorneys for Plaintiff

U.S. DEPARTMENT OF JUSTICE

_____*/s/Peter Kryn Dykema*_____
KENT E. HANSON
kent.hanson@usdoj.gov
PETER KRYN DYKEMA
Peter.dykema@usdoj.gov
Attorneys for Defendants

PLAUCHE' & CARR, LLP

_*/s/J. Matthew Moore*_____
SAMUEL W. PLAUCHE' (WSBA #25476)
billy@plauchecarr.com
JESSE G. DENIKE (WSBA #39526)
Jesse@plauchecarr.com
J MATTHEW MOORE (WSBA 49156)
matt@plauchecarr.com
Attorneys for Taylor Shellfish Co., Inc.

Karl G. Anuta, WSBA No. 21346
Law Office of Karl G. Anuta, PC
735 S.W. First Ave., Second Floor
Portland, Oregon 97204
Phone (503) 827-0320
Fax (503) 228-6551
kga@integra.net

Thane W. Tienson, WSBA No. 13310
Landye Bennett, Blumstein, LLP
1300 SW 5th Avenue, Suite 3600
Portland, Oregon 97201
Phone (503) 224-4100
Fax (503) 224-4133
ttienson@lbblawyers.com


IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE COALITION TO PROTECT PUGET SOUND HABITAT, a non-profit Corporation, | |
| Plaintiff, | Case No. C16-950RSL |
| v. | CERTIFICATE OF SERVICE |
| U.S. ARMY CORPS OF ENGINEERS, an agency of the United States of America, LIEUTENANT GENERAL TODD T. SEMONITE in his Official Capacity as Chief of Engineers of the U.S. Army Corps of Engineers; BRIGADIER GENERAL SCOTT A. SPELLMON, in his Official Capacity as COMMANDER of the Northwestern Division of the U.S. Army Corps of Engineers; and COLONEL JOHN G. BUCK, in his Official Capacity as Commander of the Seattle District of the U.S. Army Corps of Engineers, | |
| Defendants. | |
| TAYLOR SHELLFISH COMPANY, INC. Intervenor Defendant | |

Page 1 - CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2016 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing on the following:

Thane Tienson
Attorney for Plaintiff
Ttienson@lbblawyers.com

Kent E. Hanson
Attorney for Defendants
kent.hanson@usdoj.gov

Peter Kryn Dykema
Attorney for Defendants
Peter.dykema@usdoj.gov

Samuel W. Plauche
Attorney for Intervenor
billy@plauchecarr.com

Jesse G. Denike
Attorney for Intervenor
jesse@plauchecarr.com

J. Matthew Moore
Attorney for Intervenor
matt@plauchecarr.com

Date this 7th day of November, 2016

LAW OFFICE OF KARL G. ANUTA, P.C.

___/s/Karl G. Anuta_____
KARL G. ANUTA (OSB #86142)
kga@integra.net

LANDYE BENNETT BLUMSTEIN
Thane Tienson (WSBA #13310)
Ttienson@lbblawyers.com
Attorneys for Plaintiff