# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| THE COALITION TO PROTECT PUGET SOUND HABITAT,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. ARMY CORPS OF ENGINEERS, *et al.*,<br><br>　　　　　　Defendants,<br><br>　　and<br><br>TAYLOR SHELLFISH COMPANY, INC.,<br><br>　　　　　　Intervenors. | No. C16-0950RSL |
| CENTER FOR FOOD SAFETY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. ARMY CORPS OF ENGINEERS, *et al.,*<br><br>　　　　　　Defendants. | No. C17-01209RSL<br><br>SCHEDULING ORDER |

This matter comes before the Court on the parties' "Stipulated Motion to

Consolidate Actions" filed in C16-0950RSL. Dkt. # 30. Having reviewed the motion

SCHEDULING ORDER　　　　　　　　　　　　　　　　　　　　　　　　_____

and the proposed order, it appears that the parties wish to have the two above-captioned matters heard on a coordinated schedule, but are not requesting that they be consolidated into a single cause number with a single operative pleading. To that extent, the motion is GRANTED.

The case management schedule issued in C16-0950RSL (Dkt. # 21) is hereby VACATED. In that matter, defendants have distributed copies of their 2012 and 2017 NWP administrative records to the Coalition to Protect Puget Sound. The Coalition has reviewed the administrative records and represents that the records produced are, to the best of its knowledge, complete and that other than submission of Standing Declarations, the Coalition will not seek the admission of extra record evidence. The following case management deadlines will govern both C16-950RSL and C17-1209RSL going forward:

| **November 27, 2017** | Defendants to lodge their administrative record for the claims in C17-1209RSL |
|---|---|
| **November 27, 2017** | Defendants and Proposed Intervenor Pacific Coast Shellfish Growers Association will Answer or otherwise respond to the Amended Complaint in C17-1209RSL |
| **January 26, 2018** | If no motion to dismiss is pending, Plaintiff and Proposed Intervenor in C17-1209RSL will identify for Defendants any issues regarding completeness of the administrative record and/or any issues regarding the admission of extra record evidence for non-ESA claims.[1] The parties |

---

[1] The parties disagree on the scope of judicial review for Plaintiff's ESA claims. By entering this stipulation, Defendants do not waive any argument regarding (i) the proper scope

SCHEDULING ORDER

| | |
|---|---|
| | will attempt to negotiate a resolution should a dispute arise. If a motion to dismiss is pending, Plaintiff and Proposed Intervenor in C17-1209RSL will identify for Defendants any issues regarding completeness of their administrative record and/or any issues regarding the admission of extra record evidence for non-ESA claims within 30 days following the Court's disposition of the motion to dismiss. |
| **30 days after parties complete review of the Defendants' AR and identify any issues regarding completeness of the AR and/or any admission of extra record evidence for non-ESA claims** | Deadline for motions regarding the AR in C17-1209RSL, including any motion regarding the completeness of the AR and/or admission of extra record evidence for non-ESA claims.[2] If no such motions are filed, any challenges regarding the AR will be deemed waived. |
| **45 days after AR is deemed complete by stipulation or Court order** | Plaintiffs' motions for summary judgment due.[3] The motions will be noted for consideration on the 28th Friday after filing. |
| **75 days after Plaintiffs' motions for summary judgment are filed** | Oppositions and cross-motions for summary judgment due. Defendants, Intervenor, and Proposed Intervenor shall consult on briefing to avoid redundancy. |
| **75 days after oppositions and cross-motions are filed** | Plaintiffs' replies and oppositions to cross-motions due. |
| **45 days after replies and oppositions to cross-motions are filed** | Replies due. Defendants, Intervenor, and Proposed Intervenor to consult on briefing to avoid redundancy. |

---

of judicial review for Plaintiff's ESA claims, or (ii) the propriety of considering extra-record evidence related to Plaintiff's ESA claims.

[2] If any motion regarding the completeness of the Defendants' administrative record is made, Defendants will respond 30 days after such motion is lodged, and Plaintiff and/or Proposed Intervenor shall file a Reply within 14 days following Defendants' response.

[3] Because the cases are not being consolidated, the Coalition to Protect Puget Sound Habitat is not a party to C17-1209RSL, and Center for Food Safety is not a party to C16-0950RSL. While the parties may, and are encouraged to, coordinate briefing efforts to improve efficiency and avoid redundancy, each plaintiff must file papers in its own lawsuit.

SCHEDULING ORDER

Defendants, Intervenor, and Proposed Intervenor reserve the right to object to, move to strike, or otherwise oppose the proposed introduction of any extra record evidence in support of any claims made by any other party. Defendants, Intervenor, and Proposed Intervenor are encouraged to file a single consolidated brief in each action in response to the plaintiffs' motions for summary judgment.

Dated this 7th day of November, 2017.

Robert S. Lasnik
United States District Judge

SCHEDULING ORDER