**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 11 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THE COALITION TO PROTECT PUGET SOUND HABITAT, a non-profit corporation, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> UNITED STATES ARMY CORPS OF ENGINEERS, an agency of the United States of America; et al., <br><br> Defendants, <br><br> and <br><br> TAYLOR SHELLFISH COMPANY, INC., <br><br> Intervenor-Defendant-Appellant. | No.   20-35546 <br><br> D.C. No. 2:16-cv-00950-RSL <br><br> MEMORANDUM* |
| CENTER FOR FOOD SAFETY, a non-profit corporation, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> UNITED STATES ARMY CORPS OF | No.   20-35547 <br><br> D.C. No. 2:17-cv-01209-RSL |

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ENGINEERS, an agency of the United States of America; et al.,

        Defendants,

NISBET OYSTER CO., INC.,

        Intervenor-Defendant,

 and

PACIFIC COAST SHELLFISH GROWERS ASSOCIATION,

        Intervenor-Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted February 2, 2021
Seattle, Washington

Before: GRABER, McKEOWN, and PAEZ, Circuit Judges.

Intervenors Taylor Shellfish Company and Pacific Coast Shellfish Growers Association timely appeal (a) the summary judgment in favor of Plaintiffs Coalition to Protect Puget Sound Habitat and Center for Food Safety, following the district court's holding that the United States Army Corps of Engineers violated the Clean Water Act and the National Environmental Policy Act ("NEPA") in issuing the 2017 version of nationwide permit ("NWP") 48; and (b) the district

court's order remedying the legal errors by vacating the permit and the associated verifications and by staying the vacatur in some respects. We affirm.

    1.  We have appellate jurisdiction under 28 U.S.C. § 1291, even though only Intervenors, and not the agency, have appealed. The district court's order finally resolved all claims and did not require the agency to take any action at all. The order therefore was not a "remand order" in the sense described by <u>Alsea Valley Alliance v. Department of Commerce</u>, 358 F.3d 1181 (9th Cir. 2004), and <u>Pit River Tribe v. U.S. Forest Service</u>, 615 F.3d 1069 (9th Cir. 2010). <u>See generally</u> <u>Sierra Forest Legacy v. Sherman</u>, 646 F.3d 1161, 1175 (9th Cir. 2011) ("The requirement of finality is to be given a practical rather than a technical construction." (alteration and internal quotation marks omitted) (quoting <u>Gillespie v. U.S. Steel Corp.</u>, 379 U.S. 148, 152 (1964))).

    2.  The appeal is not moot. Although the Corps provisionally issued a 2021 version of NWP 48, Reissuance and Modification of Nationwide Permits, 86 Fed. Reg. 2744 (Jan. 13, 2021), that permit has not taken effect and, even if it goes into effect on schedule in mid-March, will not necessarily grant Intervenors full relief.

    3.  The district court correctly held that the agency abused its discretion, 5 U.S.C. § 706(2), by failing to explain adequately its conclusions that the 2017 version of NWP 48 will have "no significant impact" pursuant to NEPA, and "will have only minimal cumulative adverse effect on the environment," 33 U.S.C.

§ 1344(e)(1).  See Bair v. Cal. Dep't of Transp., 982 F.3d 569, 577 (9th Cir. 2020) (describing NEPA's requirements).  The Corps expressly acknowledged the negative effects on the environment from aquaculture activities but did not explain adequately why those effects were insignificant or minimal.

Several of the Corps' reasons were illogical.  For example, the Corps explained that many other sources caused even greater harm to the aquatic environment than aquaculture, which is a reason that suggests there is a cumulative impact.  See 40 C.F.R. § 1508.7 (2017) (defining cumulative impact as "the impact on the environment which results from the incremental impact of the action when added to other past, present, and reasonably foreseeable future actions regardless of what agency . . . undertakes such other actions." (emphasis added)).  Similarly, the Corps responded to a concern about pesticides with the irrelevant explanation that the Corps does not regulate pesticides.

The Corps' citation to a limited scientific study of the effects of one type of shellfish on one natural resource, where the study did not consider a wide range of environmental stressors, does not suffice—without further explanation—to justify the Corps' much broader determination that at least five types of shellfish will have insignificant and minimal effects on the full aquatic environment.  We also reject Intervenors' argument that certain programmatic documents (which were issued for a different purpose and which applied different legal standards) supply the

missing explanation.  In issuing its national decision, which was the only document to make a finding under NEPA, the Corps indisputably did not cite or otherwise mention those documents.  See Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983) ("We may not supply a reasoned basis for the agency's action that the agency itself has not given." (quoting SEC v. Chenery Corp., 332 U.S. 194, 196 (1947))).  Finally, Intervenors' lawyer conceded, during oral argument, that an agency may not rely exclusively on a tiered review to justify its nationwide environmental assessments.  Accord Sierra Club, Inc. v. Bostick, 787 F.3d 1043 (10th Cir. 2015); Kentucky Riverkeeper, Inc. v. Rowlette, 714 F.3d 402 (6th Cir. 2013); Ohio Valley Env't Coal. v. Bulen, 429 F.3d 493 (4th Cir. 2005).

    4.  The district court did not abuse its discretion in crafting an equitable remedy.  See, e.g., Teutscher v. Woodson, 835 F.3d 936, 942 (9th Cir. 2016) (holding that we review for abuse of discretion an equitable remedy).  Full vacatur is the ordinary remedy when a rule violates the Administrative Procedure Act, and courts deviate "only when equity demands."  Pollinator Stewardship Council v. U.S. EPA, 806 F.3d 520, 532 (9th Cir. 2015) (internal quotation marks omitted).  Here, the court ordered briefing from the parties on the appropriate remedy and carefully crafted a hybrid remedy that reasonably balanced the competing risks of environmental and economic harms.  The court allowed many aquaculture

5

activities to continue while applicants seek an individualized permit from the Corps, and the court permissibly accepted the good-faith compromise reached by some parties.

Before the district court and before us, Intervenors have not sought a nuanced adjustment to the court's arrangement.  Instead, Intervenors assert that anything short of a vacatur only with respect to new applicants, allowing nearly 900 aquaculturists to continue their operations in full without any further review by the Corps, constituted an abuse of discretion.  Particularly because vacatur is the presumptive remedy, and because aquaculturists may seek individualized permits, we are unpersuaded that the district court's discretion was so constrained.

**AFFIRMED.**