Karl G. Anuta (WSB No. 21346)
Law Office of Karl G. Anuta, P.C.
735 S.W. 1st Ave., 2nd Floor
Portland, Oregon 97204
T: (503 827-0320 / F: (503) 386-2168
kga@integra.net

The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| THE COALITION TO PROTECT PUGET SOUND HABITAT,<br>　　　　　Plaintiff,<br>　　v.<br>U.S. ARMY CORPS OF ENGINEERS, *ET AL.*,<br>　　　　　Defendants,<br>　　and<br>TAYLOR SHELLFISH COMPANY, INC.,<br>　　　　　Defendant-Intervenor. | No.: 2:16-CV-00950-RSL<br><br>**PLAINTIFF COALITION'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF AN AWARD OF FEES AND EXPENSES**<br><br>ORAL ARGUMENT REQUESTED |

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), plaintiff Coalition to Protect Puget Sound Habitat respectfully supplements its pending Motion for an award of attorneys' fees and expenses.

//

//

Page 1 - PLAINTIFF'S SUPPLEMENTAL MOTION AND MEMO IN SUPPORT OF AWARD OF FEES AND EXPENSES

CASE NO. 2:16-CV-00950

LAW OFFICE OF KARL G. ANUTA
TRIAL ATTORNEY
735 S.W. First Avenue
Portland, OR 97204
Phone: 503.827.0320

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THE MOTION

### INTRODUCTION

In both their original and Supplemental Complaints, plaintiff Coalition to Protect Puget Sound Habitat (hereafter CPPSH) alleged that the U.S. Army Corps of Engineers' (Corps') decisions to issue the 2012 and 2017 Nation Wide Permit 48 (NWP 48) violated the Clean Water Act (CWA) (33 U.S.C. §1251 *et seq*) and the National Environmental Policy Act (NEPA) (42 U.S.C. §4321 *et seq*). Plaintiff CPPSH alleged that issuance of NWP 48 was arbitrary and capricious under the Administrative Procedure Act (APA). This court ruled in plaintiff's favor, and held the NWP 48 issuance was unlawful under both the CWA and NEPA. The 9th Circuit agreed, and on February 11, 2021 affirmed this Court's prior rulings in a Memorandum Opinion. No. 20-35546, Dkt #60-1.

Following the additional work to supplement this Motion, CPPSH now seeks a total of $758,472.63 in fees, and $14,916.78 in expenses.

Counsel for CPPSH conferred with counsel for the Corps on this matter several times between February 2021 and June 2021. Counsel conferred on eligibility, reasonableness of rates, time spent, and costs. Anuta Supplemental Decl, ¶3. The parties could not reach an agreement, so this Supplemental Motion and Memorandum is submitted, pursuant to the briefing schedule agreed upon by the parties.

The Supplemental Memorandum is meant to address two primary issues on which Counsel could not agree, while avoiding presenting arguments excessively duplicative of those presented in CPPSH's original Motion and Memorandum: First, the reasonableness of attorney rates; and, second, the recoverability of certain time spent pre-filing. Finally, CPPSH supplements its Motion with time spent on the fee issue since it filed its Motion for Fees.

//

Page 2 - PLAINTIFF'S SUPPLEMENTAL MOTION AND MEMO IN SUPPORT OF AWARD OF FEES AND EXPENSES

CASE NOS. 2:16-CV-00950 AND 2:17-CV-01209

LAW OFFICE OF KARL G. ANUTA
TRIAL ATTORNEY
735 S.W. First Avenue
Portland, OR 97204
Phone: 503.827.0320

## I. THE RATES CHARGED ARE WELL WITHIN THOSE COMMONLY CHARGED IN THE SEATTLE AREA

For detailed discussion on each factor of fee eligibility under EAJA, CPPSH points to the previously-filed Memorandum in Support of its Motion for Fees. Dkt #99 at pp.4-15. Here, CPPSH seeks only to further contextualize local market rates and recoverability of pre-filing hours.

As a reminder, Mr. Anuta has been practicing environmental law for over 34 years. Dkt #100, Anuta Decl. ¶2. Mr. Tienson practiced environmental law for over 42 years. Dkt #101, Tienson Decl ¶2. Mr. Sargetakis has been practicing environmental law for over 3 years. Dkt #102, Sargetakis Decl ¶4. The hourly rates sought by the attorneys for CPPSH are reasonable in light of rates charged by Seattle attorneys of like experience.

### A. CPPSH Relies on Actual Practitioners' Actual Rates, Among its Several Other Arguments for its Rates

For further context beyond that provided in CPPSH's prior Motion and Memorandum, counsel sought expert Declarations from attorneys in practice in Seattle. *See generally,* Kampmeier Decl., Newlon Decl. In its prior Memorandum, CPPSH provides a large number of other ways of arriving at this same conclusion, but the bottom line is the same: the rates sought by Plaintiff's counsel are exceedingly reasonable in these circumstances.

Stoel Rives' Seattle office charges a significantly higher hourly rate for both partners and associates for environmental litigation matters than the rates sought by CPPSH attorneys. Newlon Decl. ¶8-10. Not only that, but with regard to Mr. Sargetakis' hours, "at other firms… environmental litigation associates at other firms in Seattle charge somewhat higher rates than Stoel Rives, and they have done so consistently since 2013." Newlon Decl. ¶10. Despite that, Mr. Sargetakis (a partner at his firm) seeks only $300/hr for his time. Keeping in mind that his compensation depends directly and exclusively on his ability to prevail, as well as collect, any monies he earns

Page 3 - PLAINTIFF'S SUPPLEMENTAL MOTION AND MEMO IN SUPPORT OF AWARD OF FEES AND EXPENSES

CASE NO. 2:16-CV-00950

LAW OFFICE OF KARL G. ANUTA
TRIAL ATTORNEY
735 S.W. First Avenue
Portland, OR 97204
Phone: 503.827.0320

for his firm, just like any other partner at any other firm.

Regarding Mr. Tienson and Mr. Anuta's rates, expert Newlon's Declaration reflects what CPPSH has also demonstrated many other ways: The rates requested are exceedingly reasonable. Newlon Decl. ¶8. Likewise, expert Kampmeier's Declaration confirms that the rates requested by attorneys for the Coalition are well within the range of ordinary forum rates. Kampmeier Decl. ¶¶13-20.

### B. CPPSH's Rates are Reasonable when Viewed Through the Lens of Fee Aggretation Surveys As Well

As noted in CPPSH's initial Motion and Memorandum, in crafting its Petition for fees, CPPSH looked to 1) other recent fee petitions in the Western District of Washington; 2) an NLJ Survey of actual rates; 3) the DOJ's attorney fee matrix, with locality adjustments; and, 4) knowledge of plaintiff's own counsel about rates in the Seattle area. In addition to those sources, CPPSH now submit Declarations from local attorneys in private practice in Seattle who are familiar with fee rates and fee petition work in the District. *See generally,* Newlon Decl, Kampmeier Decl. In addition, CPPSH has provided another rate survey publication, that contains actual Settle rates from a few years ago - a Wolters Kluwer analysis of law firm rates, trends, and practices entitled *Real Rate Report*. Anuta Supplemental Decl, Exhibit C. Each of these methods of calculating local attorneys' hourly rates resulted in far higher rates than those ultimately sought by CPPSH.

Looking for example, at the Real Rate Report, and using just the average rates for litigation partners in Seattle with more than 21 years (keeping in mind, Mr. Anuta has over 30 years, and Mr. Tienson had over 40 years of experience), the third quartile rate in 2018 was $680. That is well above the requested rates here. Adjusted based on percentage increases over time, hourly rates for Mr. Tienson and Mr. Anuta based on the Real Rate report Seattle market rates for the CPPSH attorneys would be as follows:

Page 4 - PLAINTIFF'S SUPPLEMENTAL MOTION AND MEMO IN SUPPORT OF AWARD OF FEES AND EXPENSES

CASE NO. 2:16-CV-00950

LAW OFFICE OF KARL G. ANUTA
TRIAL ATTORNEY
735 S.W. First Avenue
Portland, OR 97204
Phone: 503.827.0320

| TIME KEEPER NAME | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 |
|---|---|---|---|---|---|---|---|
| KARL G. ANUTA | 505.36 | 557.91 | 615.94 | 680 | 752.72 | 828.79 | 914.99 |
| THANE TIENSON | 505.36 | 557.91 | 615.94 | 680 | 752.72 | 828.79 | 914.99 |

Likewise, for Mr. Sargetakis, the first quartile of 2018 "litigation associate" rates in the *Real Report* is $255/hr. That is far higher than the EAJA base rate for his time in 2018. Even using that artificially-low rate, but increasing proportionately over time with the annual increases indicated in the Report, Mr. Sargetakis' rate would all but equal his requested rate of $300/hr by 2019 ($298.86/hr). His rate would then far eclipse his requested rate each subsequent year, as confirmed when looking to the Real Rate Report chart setting forth associate rates and annual increases in Seattle for "3 to fewer than 7" years, on p. 30. This, too, assumes the work done by Mr. Sargetakis is representative of only a "first quartile" quality. In reality, Mr. Sargetakis' work was much higher quality than the bottom 25% of litigation work.[1]

## II. THE HOURS SOUGHT BY COALITION ATTORNEYS ARE REASONABLE

### A. The pre-filing hours for which CPPSH's Attorneys seek recovery are reasonable.

CPPSH's attorneys seek time for their work necessary to pursue NEPA and CWA cumulative impacts claims, and time spent on the remedy phase of the case, as well as time spent preparing the detailed Fee Petition with supporting Declarations and documents. Of particular importance, is time spent pre-filing. Counsel for the government typically try to argue that time spent before filing is not recoverable, or that it was not necessary to spend time so much time investigating and preparing a case of this sort, before filing a complaint.

---

[1] While CPPSH does not dispute that this Court has the discretion to award fees at rates which adjust on an annual basis, CPPSH has opted to request fees at one constant rate per lawyer. As outlined by the 9th Circuit in *Greenpeace, Inc. v. Stewart*, No. 17-35945, 2020 WL 2465321 at *6 (9th Cir. May 12, 2020) that approach makes more practical and legal sense: "In general, applying different hourly rates to different aspects of litigation risks turning the fee award proceedings into a second major litigation, contrary to the Supreme Court's admonition in *Hensley*." Citing *Hensley,* 461 U.S. 424, 437 (1983).

Page 5 - PLAINTIFF'S SUPPLEMENTAL MOTION AND MEMO IN SUPPORT OF AWARD OF FEES AND EXPENSES

CASE NO. 2:16-CV-00950

LAW OFFICE OF KARL G. ANUTA
TRIAL ATTORNEY
735 S.W. First Avenue
Portland, OR 97204
Phone: 503.827.0320

That position is, of course, inconsistent with reality for a plaintiff bringing suit against the United States government, which has the largest law firm in this nation (the Department of Justice) to defend itself. To bring a suit of this type that is going to be successful takes a great deal of meticulous analysis and planning.

Moreover, as a preliminary matter, FRCP 11 requires pre-complaint investigation to ensure any claims are "warranted by existing law or by nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." FRCP 11(b)(2). Likewise, "factual contentions [must] have evidentiary support…" FRCP 11(b)(3). Thus, the idea that prefiling work is somehow not recoverable is fundamentally inconsistent with the Court Rules.

Further, plaintiff's attorneys strategically avoided time-consuming tasks that may not have contributed significantly to its ultimate success on the merits, and focused on tasks that were both less time-consuming, and more likely to contribute to the favorable outcome they secured for their client. Kampmeier Decl. ¶¶21-25, 28-32.

Case law is also clear that an EAJA fee petitioner's attorneys are entitled to be compensated "for every item of service which, **at the time rendered**, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest." *Moore v. Jas. H. Matthews & Co.*, 682, F.2d 830, 839 (9th Cir. 1982) *citing Thornberry v. Delta Airlines, Inc.,* 676 F.2d 1240, 1313 (9th Cir. 1982) (emphasis added). Further, the hours submitted by counsel are presumptively reasonable. *Id, See also, Gates v. Gomez,* 60 F.3d 525, 534-35 (9th Cir. 1995)("The party opposing the fee application has the burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged") *quoting Gates v. Rowland,* 39 F.3d 1439, 1449 (9th Cir. 1994).

Courts throughout the 9th Circuit have consistently held that time "spent on pre-complaint investigation, legal research, and informal discovery relevant to developing the case is recoverable" under EAJA. *Lucas v. White,* 63 F.Supp.2d 1046, 1058–59

Page 6 - PLAINTIFF'S SUPPLEMENTAL MOTION AND MEMO IN SUPPORT OF AWARD OF FEES AND EXPENSES

CASE NO. 2:16-CV-00950

LAW OFFICE OF KARL G. ANUTA
TRIAL ATTORNEY
735 S.W. First Avenue
Portland, OR 97204
Phone: 503.827.0320

(N.D.Cal.1999); *Oregon Nat. Res. Council Fund v. Goodman*, CIV. 05-3004-PA, 2008 WL 4000442, at *4 (D. Or. Aug 25, 2008) ("the government objects to compensating counsel for any time prior to the day this action formally was commenced . . . The government cites no authority that supports denying compensation for such tasks, which rank among the **most important** an attorney performs in any litigation."); (*citing Lucas, supra*). In short, time spent researching, drafting the complaint, and otherwise laying the groundwork in advance of filing suit are all activities *critical* to bringing a successful lawsuit. To suggest in this case that the successful plaintiff's counsel should have spent less time and effort preparing the case makes no sense. If CPPSH attorneys **hadn't** undertaken a reasonable investigation of the facts of the case, and hadn't worked hard to take reasonable steps to inform the Corps of the various shortcomings of its permitting scheme in this case, CPPSH would not have been successful in the case. The Corps would no doubt have argued that CPPSH had not exhausted its remedies, or that CPPSH should have (but failed to adequately) raise its concerns below in some way.

Moreover, CPPSH attorney time pre-filing was meticulously culled before submission of the fee petition. CPPSH's attorneys worked hard to ensure that only time which is in fact useful or important to success was included in its claim for fees. CPPSH attorneys worked at least 116.15 hours pre-filing, that they have not requested compensation for. *See*, Dkt #100, Anuta Decl ¶¶6-8, Exhibit B.

**B. The post-filing hours for which CPPSH's Attorneys seek recovery are also reasonable.**

The attorneys for the Coalition were efficient with their time, and as outlined at length in the original Memorandum in Support of Fees, were judicious in cutting superfluous, duplicative, or non-recoverable hours. Dkt #99 pp.14-15; Dkt #100 Anuta Decl. ¶¶7-8; Kampmeier Decl. ¶¶21-32. The Ninth Circuit has also weighed in on this very issue: "It must also be kept in mind that lawyers are not likely to spend

Page 7 - PLAINTIFF'S SUPPLEMENTAL MOTION AND
MEMO IN SUPPORT OF AWARD OF FEES AND EXPENSES

CASE NO. 2:16-CV-00950

LAW OFFICE OF KARL G. ANUTA
TRIAL ATTORNEY
735 S.W. First Avenue
Portland, OR 97204
Phone: 503.827.0320

unnecessary time on contingency fee cases in the hope of inflating their fees." *Moreno v. City of Sacramento,* 534 F.3d 1106, 1112 (9th Cir 2008); *see also,* Kampmeier Decl. ¶25.

Coalition attorneys were successful in their efforts to thoroughly review the facts and the law, while doing their best to avoid unnecessary procedural tasks. This was no easy feat, in light of the vast Administrative Record, and the myriad of arguments made by the Corps and the Intervenors. The lack of extensive motion practice before summary judgment briefing on the merits, highlights the hard work the Coalition attorneys did to keep the case focused and efficient. Kampmeier Decl. ¶¶ 27-30.

While the Corps counsel may want to try to quibble with a few hours here and there, that sort of approach is not consistent with reality of these cases. As a conservative Judge on the Ninth Circuit observed in reviewing a dispute about fees: "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on a case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. Sacramento, supra*, 534 F.3d at 1112; *see also,* Kampmeier Decl. ¶25.

### III. SUPPLEMENTAL RECOVERABLE TIME

Since filing its initial Motion and Memorandum for fees and expenses, CPPSH attorneys have spent a total of 40.95 additional hours on this matter. That time was spent trying to negotiate and resolve the fee dispute, locating expert witnesses, and putting together this Supplemental Memo and its supporting documents. That time is listed in Mr. Anuta's Supplemental Declaration, filed concurrently with this Supplemental Memorandum. Anuta Supp. Decl. ¶¶5-6; Anuta Supp. Decl. Exhibit A. All of that time is compensable. *Love v. Reilly*, 924 F.2d 1492, 1497 (9th Cir 1991)("under the EAJA, the prevailing party is automatically entitled to attorney's fees for any fee

Page 8 - PLAINTIFF'S SUPPLEMENTAL MOTION AND MEMO IN SUPPORT OF AWARD OF FEES AND EXPENSES

CASE NO. 2:16-CV-00950

LAW OFFICE OF KARL G. ANUTA
TRIAL ATTORNEY
735 S.W. First Avenue
Portland, OR 97204
Phone: 503.827.0320

litigation once the district court has made a determination that the government's position lacks substantial justification").

## IV.  ADDITIONAL LITIGATION EXPENSES

The Coalition incurred additional expenses after it initially filed its Motion for Fees. Those additional expenses include the costs associated with securing expert opinions on Coalition attorney hourly rates and hours expended. *See* Anuta Supp. Decl. Ex. B; Kampmeier Decl. ¶33. Those expenses are recoverable, and they should be awarded in full. *Int'l Woodworkers of Am. v. Donovan*, 792 F.2d 762, 767 (9th Cir 1986)("costs that are ordinarily billed to a client" are properly awarded under EAJA) *citing Thornberry v. Delta Air Lines Inc.*, 676 F.2d at 1245 (wherein the 9th Circuit awarded expert fees to a prevailing party, albeit in a Title VII case).

## V.  CONCLUSION

CPPSH's application meets the necessary requirements for timing, showings, statements, and allegations. CPPSH is entitled to an award of EAJA attorney fees and costs in this case. For the foregoing reasons, in addition to those stated in CPPSH's initial Motion and Memorandum in Support of Award of Fees and Expenses, the Court should grant plaintiff CPPSH's request for costs/litigation expenses in the amount of $14,916.78, and attorney fees in the amount of $758,472.63.

DATED this 1st day of July, 2021

Respectfully submitted,

/s/ *Karl G. Anuta*
Karl G. Anuta, WSBA # 21346
Law Office of Karl G. Anuta, P.C.
735 S.W. 1st Ave., 2nd Floor
Portland, Oregon 97204
T: (503) 827-0320 / F: (503) 386-2168
kga@integra.net

Page 9 - PLAINTIFF'S SUPPLEMENTAL MOTION AND MEMO IN SUPPORT OF AWARD OF FEES AND EXPENSES

CASE NOS. 2:16-CV-00950 AND 2:17-CV-01209

LAW OFFICE OF KARL G. ANUTA
TRIAL ATTORNEY
735 S.W. First Avenue
Portland, OR 97204
Phone: 503.827.0320

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2021 I electronically filed this PLAINTIFF'S SUPPLEMENTAL MOTION AND MEMORANDUM IN SUPPORT OF AWARD OF FEES AND EXPENSES with the Clerk of the Court using the CM/ECF system which will send notification of such filing on the following:

Laura Glickman
Attorney for Defendants
laura.glickman@usdoj.gov

Peter Kryn Dykema
Attorney for Defendants
Peter.dykema@usdoj.gov

Dedra S. Curteman
Attorney for Defendants
dedra.curteman@usdoj.gov

Mark Brown
Attorney for Defendants
Mark.brown@usdoj.gov

Samuel W. Plauche'
Attorney for Defendant Intervenor
billy@plauchecarr.com

Jesse G. Denike
Attorney for Defendant Intervenor
Jesse@plauchecarr.com

Amanda M. Carr
Attorney for Defendant Intervenor
amanda@plauchecarr.com

Dated this 1st day of July, 2021.

LAW OFFICE OF KARL G. ANUTA, P.C.

*/s/ Karl G. Anuta*
KARL G. ANUTA (WSBA #21346)
kga@integra.net