Karl G. Anuta (WSBA No. 21346)

Law Office of Karl G. Anuta, P.C.

735 S.W. 1st Ave., 2nd Floor

Portland, Oregon 97204

T: (503) 827-0320

F: (503) 386-2168

kga@integra.net

The Honorable Robert S. Lasnik

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THE COALITION TO PROTECT PUGET SOUND HABITAT,

Plaintiff,

v.

U.S. ARMY CORPS OF ENGINEERS, *et al.*,

Defendants, and

TAYLOR SHELLFISH COMPANY, INC.,

Defendant-Intervenor.

Case No. 2:16-CV-00950-RSL

DECLARATION OF PAUL KAMPMEIER IN SUPPORT OF PLAINTIFF'S MOTIONS FOR AN AWARD OF COSTS AND ATTORNEYS' FEES

1.      My name is Paul A. Kampmeier. I am over the age of 18 and I have personal knowledge of the matters contained in this Declaration. I submit this Declaration in support of the motion for an award of litigation expenses, costs, and attorneys' fees submitted by the Coalition to Protect Puget Sound Habitat (the Coalition) in case number 2:16-CV-00950-RSL. I make this Declaration based on personal knowledge and I am competent to testify to the matters contained herein if necessary.

## MY BACKGROUND

2.      Attached as Exhibit A to this Declaration is a true and correct copy of my current resume.

KAMPMEIER DECLARATION
IN SUPPORT OF FEE PETITION – 1
W.D. Wash. Case No. 2:16-CV-00950

LAW OFFICE OF KARL G. ANUTA, P.C.
735 S.W. First Avenue
Portland, OR 97204
(503) 827-0320

3.      I received a Bachelor of Arts degree from the University of Michigan (Ann Arbor) in 1992 (with Honors) and received my Juris Doctor degree from the University of Washington School of Law in 2001 (with Honors, Order of the Coif). During law school I completed the Concentration in Environmental Law.

4.      I am an attorney and am employed by my law firm, Kampmeier & Knutsen, PLLC, of which I am a co-owner. I have been licensed to practice law in the state courts of the State of Washington since 2001. I am also a member of the Supreme Court of the United States (admitted 2011); the U.S. Court of Appeals for the Ninth Circuit (admitted 2002); the U.S. District Court for the Eastern District of Washington (admitted 2002); and the U.S. District Court for the Western District of Washington (admitted 2001). I am a member in good standing of each court to which I have been admitted.

5.      I work virtually full time on issues involving state and federal environmental laws and have done so for nearly twenty years. Since my admission to the bar in 2001 I have focused my legal practice on enforcing and litigating under federal environmental law, especially the federal Clean Water Act (CWA) and the federal Endangered Species Act (ESA). I also have significant experience challenging federal agency decisions under the federal Administrative Procedure Act (APA) and alleging violations of the National Environmental Policy Act (NEPA), the ESA, the CWA, and other federal environmental laws. Because my clients often need assistance obtaining public records from state and federal agencies, I also represent them in public records cases under the Freedom of Information Act (FOIA) and Washington's Public Records Act, when requested. My current practice focuses on federal environmental litigation under the ESA, the CWA, the APA, the FOIA, and federal coastal zone laws.

6.      I have often lectured on environmental litigation at the University of Washington School of Law and the Seattle University School of Law. I have also lectured at Lewis and Clark

KAMPMEIER DECLARATION
IN SUPPORT OF FEE PETITION – 2
W.D. Wash. Case No. 2:16-CV-00950

LAW OFFICE OF KARL G. ANUTA, P.C.
735 S.W. First Avenue
Portland, OR 97204
(503) 827-0320

Law School in Portland, Oregon; Stanford Law School; Harvard Law School; and at Continuing

Legal Education seminars in Oregon and Washington.

7.      I have obtained or helped to obtain numerous precedential and published

decisions for my clients under the CWA, the ESA, the APA, and the FOIA. *See Okanogan*

*Highlands Alliance, et al. v. Crown Resources Corporation, et al.*, No. 2:20-cv-00147-RMP

(E.D. Wash.) (June 17, 2021), 2021 WL ____, 2021 U.S. Dist. LEXIS 113923 (CWA case);

*Okanogan Highlands Alliance, et al. v. Crown Resources Corporation, et al.*, No. 2:20-cv-

00147-RMP (E.D. Wash.) (February 19, 2021), 2021 WL 664837, 2021 U.S. Dist. LEXIS 31659

(CWA case); *Okanogan Highlands All. v. Crown Res. Corp.*, 492 F. Supp. 3d 1149 (E.D. Wash.

2020) (CWA case); *Wild Fish Conservancy v. Cooke Aquaculture Pac. LLC*, No. C17-1708-

JCC, 2019 U.S. Dist. LEXIS 204382 (W.D. Wash. Nov. 25, 2019) (CWA case); *Friends of the*

*Earth v. U.S. Army Corps of Eng'rs*, 374 F. Supp. 3d 1045 (W.D. Wash. 2019) (FOIA case);

*Olympic Forest Coal. v. Coast Seafoods Co.*, No. C16-5068RBL, 2016 U.S. Dist. LEXIS 72919

(W.D. Wash. June 3, 2016), *affirmed*, 884 F.3d 901 (9th Cir. 2018) (CWA case); *Nw. Envtl.*

*Advocates v. U.S. Dep't of Commerce*, 283 F. Supp. 3d 982 (W.D. Wash. 2017)

(ESA/CWA/APA case); *Nw. Envtl. Advocates v. U.S. Dep't of Commerce*, No. C16-1866-JCC,

2017 U.S. Dist. LEXIS 185295 (W.D. Wash. Nov. 8, 2017) (ESA/CWA/APA case); *Ctr. for*

*Envtl. Law & Policy v. United States Fish & Wildlife Serv.*, 228 F. Supp. 3d 1152 (E.D. Wash.

2017) (CWA case); *Klamath-Siskiyou Wildlands Ctr. v. Nat'l Oceanic & Atmospheric Admin.*, 99

F. Supp. 3d 1033 (N.D. Cal. 2015) (ESA/APA case); *Klamath-Siskiyou Wildlands Ctr. v. Nat'l*

*Oceanic & Atmospheric Admin. Nat'l Marine Fisheries Serv.*, 109 F. Supp. 3d 1238 (N.D. Cal.

2015) (ESA/APA case); *Nw. Envtl. Def. Ctr. v. Decker*, 728 F.3d 1085 (9th Cir. 2013) (CWA

case); *Sierra Club v. Salazar*, 961 F. Supp. 2d 1172 (W.D. Wash. 2013) (ESA/APA case);

*Audubon Soc'y of Portland v. U.S. Nat. Res. Conservation Serv.*, 841 F. Supp. 2d 1182 (D. Or.

KAMPMEIER DECLARATION
IN SUPPORT OF FEE PETITION – 3
W.D. Wash. Case No. 2:16-CV-00950

LAW OFFICE OF KARL G. ANUTA, P.C.
735 S.W. First Avenue
Portland, OR 97204
(503) 827-0320

2012) (FOIA case); *Carpenters Industrial Council v. Salazar*, 734 F.Supp.2d 126 (D.D.C. 2010) (ESA/APA case); *Seattle Audubon Soc'y v. Sutherland*, No. CV06-1608MJP, 2007 U.S. Dist. LEXIS 31880 (W.D. Wash. May 2, 2007) (ESA case); *Seattle Audubon Soc'y v. Sutherland*, No. C06-1608MJP, 2007 U.S. Dist. LEXIS 55940 (W.D. Wash. Aug. 1, 2007) (ESA case); *Satsop Valley Homeowners Association v. Northwest Rock*, 126 Wash. App. 536, 108 P.3d 1247 (Div. II 2005); *Weber v. P&D Development*, 122 Wash. App. 1028 (Div. II 2004).

8.     As a result of litigating cases that arise under federal environmental statutes and involve the United States of America as a defendant, I am very familiar with the relevant statutory, regulatory, and permitting requirements, as well as the work that counsel must perform to ably prosecute such cases. Additionally, as a result of litigating cases that arise under federal environmental statutes, I have become knowledgeable of: (a) the expertise required to prosecute such cases successfully; (b) the availability of counsel in the Pacific Northwest who possess the expertise necessary to litigate such cases; and (c) the prevailing market rates for counsel who possess such expertise.

9.     Based on my experience practicing law, environmental litigation is an identifiable practice specialty that requires distinctive knowledge of pertinent statutes, complex regulatory schemes, case law, scientific principles, industrial and agricultural operations, and environmental issues in the Pacific Northwest.

10.     In my experience, the availability of attorneys in the Seattle area who have expertise in federal environmental law and are willing to accept cases on behalf of environmental protection organizations, rather than regulated entities, is very limited. Furthermore, the few attorneys in the Seattle area who have the requisite expertise tend to be very busy, so that environmental organizations looking for litigation counsel are often unable to litigate cases that

KAMPMEIER DECLARATION
IN SUPPORT OF FEE PETITION – 4
W.D. Wash. Case No. 2:16-CV-00950

LAW OFFICE OF KARL G. ANUTA, P.C.
735 S.W. First Avenue
Portland, OR 97204
(503) 827-0320

1  they otherwise would, and for those cases that do go forward they are often forced to hire

2  attorneys from other locations.

3      11.     Both in my capacity as a lawyer who routinely represents non-profit

4  environmental organizations, and in my capacity as a past or present volunteer for organizations

5  like the Washington Environmental Council, Puget Soundkeeper Alliance, and the Olympic

6  Forest Coalition, I have regularly witnessed non-profit environmental organizations being unable

7  to pursue cases they wish to pursue because they cannot find attorneys with the requisite

8  expertise who also have time to take on the case. Similarly, in my past capacity as an attorney at

9  the Washington Forest Law Center, where I worked for more than a decade, I often had to

10  inform potential clients that I could not take their case because I did not have the time. Because

11  of the unavailability of environmental attorneys in the Seattle area, I often refer these potential

12  clients to lawyers in other cities in the Pacific Northwest.

13      12.     Since 2001 I have litigated numerous environmental cases in the U.S. District

14  Court for the Western District of Washington. Because of that I am familiar with local

15  conventions and expectations for the practice of law in this district. Additionally, as part of my

16  work for my clients I often settle my clients' claims for costs and attorneys' fees. As part of that

17  work, I keep myself knowledgeable about reasonable market rates for attorneys with various

18  experience levels by reading attorney fee decisions and talking with my colleagues in the

19  environmental litigation community. Indeed, my business partner and I set our law firm's hourly

20  rates after discussions with other attorneys in the Seattle-Tacoma area that have knowledge of

21  the hourly rates for attorneys in the region specializing in federal environmental litigation. I also

22  learn what hourly rates clients and opposing counsel consider reasonable and acceptable in the

23  course of negotiating cost and fee settlements on behalf of my clients, which I do routinely.

KAMPMEIER DECLARATION
IN SUPPORT OF FEE PETITION – 5
W.D. Wash. Case No. 2:16-CV-00950

LAW OFFICE OF KARL G. ANUTA, P.C.
735 S.W. First Avenue
Portland, OR 97204
(503) 827-0320

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MY OPINIONS ON HOURLY RATES

13.     I have been asked to provide my opinions about the reasonableness of the hours

expended, the reasonableness of counsels' hourly rates, and the compensation sought for the

above-captioned case. In addition to the materials mentioned below, in coming to the

conclusions I have reached in this declaration I have reviewed the following documents: the

Court's October 10, 2019 Order finding that the Corps violated the CWA, NEPA, and the APA;

the Court's June 11, 2020 Order on remedy; the U.S. Court of Appeals for the Ninth Circuit's

February 11, 2021 Order affirming this Court's rulings on the merits and relief; the Coalition's

winning motion for summary judgment and related briefing in response and reply; the

Coalition's September 18, 2020 motion for an award of costs and fees; the declarations of Karl

G. Anuta, Thane Tienson, and Mike Sargetakis filed in September 2020 in support of the

Coalition's fee motion, including the detailed timesheets and summaries attached to the Anuta

declaration; a fee petition and some of the supporting declarations I filed with this Court earlier

this year in *Northwest Environmental Advocates v. U.S. Department of Commerce, et al.*, W.D.

Washington Case No. 2:16-cv-01866-JCC, a case against the United States of America under the

CWA, APA, and ESA; the docket reports for the three cases challenging the U.S. Army Corps of

Engineers' issuance of Nationwide Permit 48; the June 8, 2021 Declaration of Thomas A.

Newlon, to be filed in this case in support of the Coalition's fee petition; correspondence

between counsel for Plaintiffs and Defendants regarding costs and attorneys' fees; a draft of the

supplemental declaration of Karl G. Anuta to be filed in support of the Coalition's fee petition,

sent to me on June 29, 2021; a draft of the supplemental fee petition to be filed in this case, also

sent to me on June 29, 2021; and updated timesheets that included Plaintiff's attorney time

through June 29, 2021.

KAMPMEIER DECLARATION
IN SUPPORT OF FEE PETITION – 6
W.D. Wash. Case No. 2:16-CV-00950

LAW OFFICE OF KARL G. ANUTA, P.C.
735 S.W. First Avenue
Portland, OR 97204
(503) 827-0320

14.     Because the plaintiff-side environmental bar in the Pacific Northwest is a small community of people, I am familiar with the expertise and reputation of Karl G. Anuta, one of the attorneys for Plaintiff in this case. I believe Mr. Anuta's legal practice is similar to that of my own firm in its focus on representation of environmental plaintiffs, typically individuals or community/conservation groups, in environmental litigation. Additionally, I believe Mr. Anuta is a long-serving member of the board of directors of Northwest Environmental Defense Center (NEDC), an organization that routinely brings CWA citizen lawsuits. I have represented NEDC in various matters for over fifteen years; however, as far as I can recall I have never discussed NEDC business with Mr. Anuta or been at a meeting, other than perhaps a Continuing Legal Education seminar, at which Mr. Anuta was present. My law firm and Mr. Anuta's law firm also each represent named plaintiffs in an environmental air pollution-related class action lawsuit in Oregon state court, and I believe our firms have coordinated work in that lawsuit. I have, however, no close personal relationship with Mr. Anuta, and I have never co-counseled a case with him or personally worked with him in any capacity until I was retained on this matter to review the fee and case related records.

15.     I view Mr. Anuta as an outstanding attorney that can effectively represent clients in difficult cases under federal environmental law. Mr. Anuta is very well-regarded in Oregon and Washington and has an excellent reputation as an effective environmental litigator with a wide range of experience and a particular expertise with the CWA. Mr. Anuta is also known as an advocate who understands non-profit environmental organizations and how to represent them effectively in environmental cases. Because non-profit environmental organizations can rarely afford to pay attorneys by the hour, counsel for environmental plaintiffs must usually recover all or most of their attorneys' fees from defendants at the end of a case after winning or favorably settling the case. Such cases therefore require attorneys to develop litigation strategies that avoid

KAMPMEIER DECLARATION
IN SUPPORT OF FEE PETITION – 7
W.D. Wash. Case No. 2:16-CV-00950

LAW OFFICE OF KARL G. ANUTA, P.C.
735 S.W. First Avenue
Portland, OR 97204
(503) 827-0320

unnecessary costs, which nonprofit organizations often cannot afford, and that maximize the chance of winning a case while minimizing to the extent possible the attorney time a law firm invests in a case. Such cases are very risky for the attorneys taking them on because one can only prevail, and hence get paid, if the attorneys *fully* understand the statutes involved and the practice of environmental litigation. One must also understand the science and facts that will be at issue in or affect the litigation. Moreover, if an attorney cannot or does not win consistently they simply cannot continue in the practice area. For these reasons, the fact that Mr. Anuta has been practicing public interest environmental law for nearly thirty years is an extremely strong testament to his knowledge of federal environmental law, and his judgment, skill, knowledge, reputation, and expertise in the practice area.

16.    The Coalition seeks compensation for Mr. Anuta's time at the rate of $640 per hour for work performed from 2013 through 2021. I have reviewed the Declaration of Mr. Anuta that the Coalition is submitting in support of its fee petition, which explains the work Mr. Anuta did on this case. Based on those materials, the materials listed above, what I know of Seattle market rates for attorneys with similar experience and expertise, and what I know of Mr. Anuta's experience, reputation, and work history, I conclude this hourly rate is reasonable for a lawyer of Mr. Anuta's experience and expertise in the Seattle area.

17.    The Coalition seeks compensation for Mr. Tienson's time at the rate of $650 per hour for work performed from 2013 through 2021. I have reviewed the Declaration of Mr. Tienson that the Coalition is submitting in support of its fee petition, including especially his resume and its documentation of Mr. Tienson's extensive work on environmental legal issues over the past 40 years, which explains the work Mr. Tienson did on this case. Based on those materials, the materials listed above, and what I know of Seattle market rates for attorneys with

KAMPMEIER DECLARATION
IN SUPPORT OF FEE PETITION – 8
W.D. Wash. Case No. 2:16-CV-00950

LAW OFFICE OF KARL G. ANUTA, P.C.
735 S.W. First Avenue
Portland, OR 97204
(503) 827-0320

1    similar experience and expertise, I conclude this hourly rate is reasonable for a lawyer of Mr.

2    Tienson's experience and expertise in the Seattle area.

3        18.     The Coalition seeks compensation for Mr. Sargetakis's time at the rate of $300

4    per hour for work performed from 2018 through 2021. I have reviewed the Declaration of Mr.

5    Sargetakis that the Coalition is submitting in support of its fee petition, as well as the website of

6    Mr. Sargetakis's law firm. Based on those materials, the materials listed above, and what I know

7    of Seattle market rates for attorneys with similar experience and expertise, I conclude this hourly

8    rate is reasonable for a lawyer of Mr. Sargetakis's experience and expertise in the Seattle area.

9

10       19.     Plaintiff's counsels' hourly rates are reasonable in my opinion even though the

11   Coalition's attorneys seek the same hourly rate for all the years in which they completed work on

12   the case. In my experience, attorneys practicing environmental law in this area usually raise their

13   hourly rates each year they add experience and expertise to their practice. Given that, and what I

14   know of Seattle market rates, I believe the hourly rates Mr. Anuta and Mr. Tienson are seeking

15   are reasonable average hourly rates for the time periods in question.

16

17       20.     As to Mr. Sargetakis, I believe $300 per hour is a reasonable hourly rate for his

18   time from 2018 to present because although that rate may be a little high for the years 2018 and

19   2019, I think it is a little low for the years 2020 and 2021, when Mr. Sargetakis had three and

20   four years of practice experience, respectively. Central to my view of the reasonableness of Mr.

21   Sargetakis's hourly rate is his testimony, in the fee declaration he filed with the court in

22   September 2020, that he earned a Certificate in Natural Resource Law when he graduated from

23   law school and that he worked with Earthrise Law Center and Mr. Anuta on environmental cases

24   in 2015 and 2016 before he was admitted to practice in 2017. In my view those facts allow him

25   to charge at the higher end of hourly rates for his level of experience.

26

27

28

KAMPMEIER DECLARATION
IN SUPPORT OF FEE PETITION – 9
W.D. Wash. Case No. 2:16-CV-00950

LAW OFFICE OF KARL G. ANUTA, P.C.
735 S.W. First Avenue
Portland, OR 97204
(503) 827-0320

## MY OPINIONS ON THE HOURS EXPENDED

21.     In my opinion, Plaintiffs' successful challenges to Nationwide Permit 48 absolutely required counsel with extensive experience, special expertise, familiarity with environmental litigation under the CWA, the APA, and NEPA, and a long familiarity with environmental issues in the Pacific Northwest. Over the course of my career, I have watched both inexperienced and experienced attorneys struggle with federal environmental cases because of the complexity of the statutes and case law and, when the defendants are federal agencies, the power and resources of the United States of America. Beating the United States in court is no small task—even with the best facts and favorable case law—because there are various defenses available to the federal government (and only the federal government) and the procedural posture of such cases is challenging. The United States controls the decision-making process, the information it considers in making decisions, and the form, timing, and content of final agency actions. The United States largely controls the contents of the administrative record submitted to the courts, which often limits the scope of judicial review of federal agency action. The United States often asks for and receives judicial deference on legal questions within the purview of the defendant agencies. The United States often retracts challenged decisions when a plaintiff's victory appears likely, which can preclude plaintiffs from recovering costs and attorneys' fees and discourage future representation in similar cases. The United States usually has several attorneys from the U.S. Department of Justice, plus several other attorneys from within each defendant agency, work on defending a case. And groups representing affected industries often intervene to defend the federal action at issue, as was the case in this litigation. That adds even more attorneys to the defense side of the case, increasing the communication and coordination work plaintiff's counsel must do, and adding more briefs and arguments to address in presentations to the Court.

KAMPMEIER DECLARATION
IN SUPPORT OF FEE PETITION – 10
W.D. Wash. Case No. 2:16-CV-00950

LAW OFFICE OF KARL G. ANUTA, P.C.
735 S.W. First Avenue
Portland, OR 97204
(503) 827-0320

22.     A plaintiff's attorney that wants to win in court against the United States has to navigate all these issues and then also meet plaintiff's burden to establish standing, liability, and entitlement to relief. Knowing how to do this not only requires experience and expertise with complex environmental laws, it also requires plaintiff's counsel to dedicate far more hours in an APA/NEPA/CWA case against the government than they would otherwise normally dedicate to some other case against some other defendant. This is because the United States simply is not the same as other defendants. To win such a case, one has to build a litigation plan ahead of time that will navigate all the obstacles, and survive judicial scrutiny, and then one has to *stay* committed throughout the three to seven years of the case—usually without getting paid along the way—in order to prevail.

23.     Plaintiff's counsel in this case did just that and should be commended and compensated fully for their efforts. That Plaintiff's counsel did not face a motion to dismiss, and that they moved rather directly to cross-motions for summary judgment on the merits, which they won, demonstrates that counsels' pre-complaint investigations, legal research, and case management decisions were extremely effective at identifying and pursuing a winning litigation strategy. Indeed, if this case appeared straight-forward to the Court, it is not because it started out that way, but rather because Plaintiff's counsel took a complicated, amorphous set of circumstances and did the very extensive and thoughtful work necessary to presenting a clear and persuasive case to the Court.

24.     In my opinion, one factor that is critical to evaluating the reasonableness of the fee in cases against the United States is the fact that, if they prevail, a plaintiff's requested fee will be heavily scrutinized *by the losing attorney*. That attorney is often unhappy about losing, and their client (the United States) has a vested interest in driving the fees down no matter how reasonable a plaintiff's fee request may be. Additionally, the attorneys for the federal agencies

KAMPMEIER DECLARATION
IN SUPPORT OF FEE PETITION – 11
W.D. Wash. Case No. 2:16-CV-00950

LAW OFFICE OF KARL G. ANUTA, P.C.
735 S.W. First Avenue
Portland, OR 97204
(503) 827-0320

usually have zero years of experience as a plaintiff's attorney in environmental cases against the United States, meaning they have no actual experience trying to win cases against federal agencies and, consequently, little to no understanding of what it takes to accomplish that task.

25.     I believe courts should be extremely reluctant to accept defense counsel's objections to Plaintiff's counsel's timesheet entries unless and until defense counsel establish with admissible evidence that they or their expert have relevant experience as counsel for non-profit plaintiffs trying to win environmental cases against the United States. I also believe courts should give significant weight to the testimony of the winning plaintiff; they are much closer to the litigation and understand far better the complexity of the litigation, and the great work that was done to win the case, because they actually witnessed their attorneys' work ethic, exercise of judgment, and professionalism as the case proceeded. In any event, in my view, the often contingent nature of the fee and counsel's understanding that the fee will be vigorously contested by a losing opponent who almost certainly has no experience as an environmental plaintiff's attorney almost always drives plaintiff's counsel in such cases to work hard up front to identify a winning strategy and then to do only the work necessary to implementing that strategy, while at the same time avoiding work that does not advance that strategy whenever possible.

26.     In my opinion Plaintiffs and their counsel achieved excellent results in this case. The results are excellent because Plaintiffs achieved the primary goals of the litigation: (i) invalidation of Nationwide Permit 48; (ii) an injunction largely prohibiting projects authorized by that permit from proceeding until the Corps issues new and valid permits for each project; and (iii) the issuance of judicial opinions that the Corps must (if acting lawfully) now heed in any environmental review of future permits. The Plaintiffs' success on these points greatly enhances the likelihood that the Corps will actually review and consider the individual and cumulative impacts associated with aquaculture in the State of Washington. This relief would be excellent if

KAMPMEIER DECLARATION
IN SUPPORT OF FEE PETITION – 12
W.D. Wash. Case No. 2:16-CV-00950

LAW OFFICE OF KARL G. ANUTA, P.C.
735 S.W. First Avenue
Portland, OR 97204
(503) 827-0320

the permit authorized only one or just a few aquaculture projects. It is doubly so, or more, because here there are many hundreds of verifications the Corps has issued under Nationwide Permit 48 over the last several years. All of those should now be subject to more thorough environmental review and potentially a more rigorous CWA permit.

27.     Additionally, in my opinion counsel for the Coalition worked very efficiently throughout the case. First, the docket report from the U.S. District Court for case number 2:16-CV-00950-RSL does not show extensive motions practice or that Plaintiff's counsel litigated issues that did not need to be litigated. Second, although Plaintiff may have had some claims that are standard civil claims subject to the normal disclosure and discovery rules, the parties' early joint status report and proposed case schedule explains that Mr. Anuta and his co-counsel deferred time-consuming discovery and expert witness testimony until after their review of the administrative record. After completing that review, Plaintiffs moved for—and prevailed on—summary judgment on a subset of their claims, which both demonstrates their ability to focus their arguments on winning claims and their willingness to avoid discovery and expert witness work unless absolutely necessary to the case. Third, the September 2020 declaration of Karl G. Anuta, submitted in support of the Coalition's fee petition, documents extensive use of law clerks and associate attorneys to conduct legal research, to review what I understand was a lengthy administrative record, and to assist with oral argument preparations. All of that work reduced the overall attorney fee for the case without preventing Plaintiff from achieving a sound victory. Fourth, Plaintiff's counsel also agreed to bifurcate liability and relief, which again demonstrates their commitment to focusing attorney time on that which needs to be done and deferring work if and where possible.

28.     Based on my review of Plaintiff's counsels' timesheets, the papers I read from this case, and my experience litigating federal environmental cases in this district and elsewhere,

KAMPMEIER DECLARATION
IN SUPPORT OF FEE PETITION – 13
W.D. Wash. Case No. 2:16-CV-00950

LAW OFFICE OF KARL G. ANUTA, P.C.
735 S.W. First Avenue
Portland, OR 97204
(503) 827-0320

I believe the time Plaintiff's counsel expended on this case and for which the Coalition seeks compensation was reasonably incurred and necessary to the results achieved. In my view, the quality of the pre-complaint work was both reasonable and necessary—indeed outstanding—because Plaintiff avoided a motion to dismiss and ultimately won the case and obtained the relief they sought.

29.     Plaintiff's counsel also efficiently and ably managed the case to avoid unnecessary motions practice and lengthy delays, all of which increases attorney time in the case. The amount of time spent moving for summary judgment, organizing and presenting the extensive evidence (including declarations and numerous exhibits) supporting that motion, responding to Defendants' and Intervenors' lengthy and detailed opposition briefing, and then preparing for and presenting argument at the various hearings was also reasonable and necessary. NEPA and CWA cases often involve very detailed evaluations of environmental impacts and permit terms, as well as detailed assessments of the facts necessary to evaluate whether a federal defendant considered all relevant impacts when it conducted the environmental review prior to issuing the permit. The papers filed with this Court and counsels' timesheets reflect the detailed nature of the dispute in this case. Moreover, it appears to me from my review of the timesheets that Plaintiff's counsel did not unnecessarily duplicate work but rather organized the attorney and assistant time to avoid that.

30.     I am of the opinion that all the hours that Mr. Anuta and his team of attorneys, law clerks, and paralegals expended on this case, and for which they seek compensation, were reasonable and necessary for the case. This was a trailblazing, difficult, important, and precedent-setting case without a blueprint that Plaintiff's counsel could follow from case initiation to judgment. This was not a routine enforcement action or a case easily dictated by precedent, but one driven by the facts of the case and the extent of detailed environmental review

KAMPMEIER DECLARATION
IN SUPPORT OF FEE PETITION – 14
W.D. Wash. Case No. 2:16-CV-00950

LAW OFFICE OF KARL G. ANUTA, P.C.
735 S.W. First Avenue
Portland, OR 97204
(503) 827-0320

by the defendants. Plaintiff's counsel has also exercised billing judgment and chosen not to seek compensation for a significant number of hours they worked on the case, which further reduces the overall fee requested.

31.     The attorney time and fees for this case are also reasonable because Mr. Anuta and his team appear to have worked very hard to manage the case without unnecessary redundancy of attorney work. Their timesheets demonstrate they conferred regularly and that they assigned work to attorneys or clerks with the appropriate skills and experience for the work. Some redundancy is necessary: supervising attorneys need to review associate attorney and law clerk work; attorneys need to confer on the telephone to plan and execute projects; and even seasoned attorneys benefit from having others review written work product before filing it with the Court. I believe the overall fee in this case is smaller than it would have been because Mr. Anuta and Mr. Tienson assigned work they would otherwise do, at higher hourly rates, to associate attorneys and law clerks who bill at lower rates.

32.     The hourly rates, hours expended, and overall fee requested by Plaintiffs in this case are reasonable. It was reasonable for Plaintiff's counsel to do the work they did; they spent reasonable amounts of time on the tasks they needed to complete; and they achieved excellent results for their clients. The overall fee sought is also within the range of reasonable fees for cases of this type. In my opinion Plaintiff should receive a fully compensatory fee award.

//

//

//

//

//

//

KAMPMEIER DECLARATION
IN SUPPORT OF FEE PETITION – 15
W.D. Wash. Case No. 2:16-CV-00950

LAW OFFICE OF KARL G. ANUTA, P.C.
735 S.W. First Avenue
Portland, OR 97204
(503) 827-0320

33.    I spent at least 16.4 hours reviewing materials, speaking with plaintiff's counsel, and preparing this Declaration for the Coalition. The market rate from my time is $490 per hour.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 30th day of June 2021 at Seattle, Washington.

s/Paul A. Kampmeier
Paul A. Kampmeier
WSBA #31560

KAMPMEIER DECLARATION
IN SUPPORT OF FEE PETITION – 16
W.D. Wash. Case No. 2:16-CV-00950

LAW OFFICE OF KARL G. ANUTA, P.C.
735 S.W. First Avenue
Portland, OR 97204
(503) 827-0320

Exhibit A

## PAUL AUGUST KAMPMEIER
811 First Avenue, Suite 468 * Seattle, Washington 98104 * (206) 858-6983

**WORK EXPERIENCE**

**Kampmeier & Knutsen, PLLC**, Seattle, Washington, *Member and Attorney*, June 2015 – present.
* Practice focuses on representing non-profit organizations in litigation and advocacy to enhance protection for wildlife, clean water, and the environment in Washington and Oregon.
* Areas of federal practice include the Clean Water Act, Endangered Species Act, Administrative Procedure Act, National Environmental Policy Act, Coastal Zone Act Reauthorization Amendments of 1990, and Freedom of Information Act.
* Areas of state law practice include the Washington Administrative Procedure Act, Forest Practices Act, State Environmental Policy Act, Public Disclosure Act, and state land use law.
* Clients include Northwest Environmental Advocates, Northwest Environmental Defense Center, Olympic Forest Coalition, Wild Fish Conservancy, Okanogan Highlands Alliance, Friends of the Earth, Oregon Wild, Conservation Northwest, and WildEarth Guardians.

**Washington Forest Law Center**, Seattle, Washington, *Attorney at law*, January 2005 – June 2016.
* Practice focused on representing non-profit organizations in litigation and advocacy to enhance protection for wildlife, forests, and clean water on state and private timberlands in Washington and Oregon.
* Responsible for all aspects of legal representation including client relations, identification of issues and desired remedies, legal strategy, political advocacy, factual and legal research, record development, all aspects of litigation and appellate work, settlement negotiations, and media.
* Extensive experience working to address water pollution, degradation of salmon habitat, and protection and recovery of northern spotted owls and marbled murrelets.
* Notable cases include *Decker v. Northwest Environmental Defense Center*, -- U.S. --, 133 S.Ct. 1326 (2013) (Clean Water Act case concerning logging road pollution; lead counsel from case inception through the petition for certiorari proceedings; co-lead counsel at the U.S. Supreme Court) and *Seattle Audubon Society v. Sutherland*, W.D. Wash. Case No. 06-1608-MJP (Endangered Species Act case concerning alleged taking of northern spotted owls by the Weyerhaeuser Company and the State of Washington; co-lead counsel through four-day preliminary injunction hearing and subsequent settlement).
* Representative clients included Sierra Club, Northwest Environmental Defense Center, Olympic Forest Coalition, Seattle Audubon Society, and the Quinault Indian Nation.

**Smith & Lowney, PLLC**, Seattle, Washington, *Attorney at law (Of counsel)*, Oct. 2001 – Dec. 2004.
* Represented non-profit organizations and citizens in public interest environmental, land use, public disclosure, and consumer protection litigation, including in numerous cases under the federal Clean Water Act and Endangered Species Act.
* Significant lead counsel experience; in most cases responsible for all aspects of legal representation.
* Co-counsel on numerous consumer protection class action lawsuits, including the *Artificially Colored Farmed Salmon* cases.
* Briefed and argued three cases before the Washington State Court of Appeals (won two).
* Representative clients included Washington Toxics Coalition, Puget Soundkeeper Alliance, People for Puget Sound, the Center for Environmental Law & Policy, and the Satsop Valley Homeowners Association.

**Taichung YMCA**, Taichung, Taiwan, Republic of China, *English Teacher*, Sept. 1995 – Jan. 1997.

**Jeflion Investment Company**, Wilmington, Delaware, *Account Supervisor*, Sept. 1993 – May 1995.

## PAUL AUGUST KAMPMEIER
811 First Avenue, Suite 468 * Seattle, Washington 98104 * (206) 858-6983

**EDUCATION**

**University of Washington School of Law**, Seattle, Washington, *Juris Doctor,* June 2001.
* Graduated with Honors (top 10% of class, *Order of the Coif*).
* Completed the *Concentration in Environmental Law*.
* Washington Environmental Council, Legal Intern, January – June 2001.
* Montgomery Purdue Blankinship & Austin, PLLC, Law Clerk, June – August 2000.
* American Rivers, Legal Intern, June – September 1999.

**The Taipei Language Institute**, Taichung, Taiwan, Republic of China, October 1995 – July 1996.
* Completed intermediate Chinese conversation classes.

**The University of Michigan**, Ann Arbor, Michigan, *Bachelor of Arts (History)*, December 1992.
* Graduated with Honors (3.62 GPA) in three and a half years.

**SERVICE, EXPERIENCE, & OTHER QUALIFICATIONS**

* Admitted to practice in the Supreme Court of the United States, the U.S. Court of Appeals for the Ninth Circuit, the U.S. District Court for the Eastern and Western Districts of Washington, and the Washington state courts.
* Northwest Fund for the Environment, President, 2020 – present; Board member, 2016 – present.
* Vashon Nature Center, Board of Directors and Secretary, 2018 – present.
* Olympic Forest Coalition, Board of Directors, 2010 – 2017.
* Puget Soundkeeper Alliance, Legal Committee, 2005 – 2008.
* Washington Environmental Council, Legal Committee, 2002 – 2007.
* Traveled extensively throughout South and Southeast Asia (Taiwan, the Philippines, Thailand, Laos, Vietnam, Cambodia, Hong Kong, Singapore, Indonesia, and India), Central America (Costa Rica, Nicaragua, Honduras, Guatemala, Mexico), the United States, and Canada.
* Other interests include fly-fishing, hiking, birding, reading, and spending time with my family.

**PRESENTATIONS & PUBLICATIONS**

* Past frequent guest lecturer at law schools, including the University of Washington School of Law, Seattle University School of Law, Lewis & Clark Law School, Stanford Law School, and Harvard Law School.
* Author, *Enough is enough!  Stormwater Discharged from Man-Made Pipes, Ditches, and Channels Along Logging Roads is Not Nonpoint Source "Natural Runoff"*, published by Lewis & Clark Law School in *Environmental Law*, 43 Envtl. L. 757 (2013).
* Author, *Are Clean Water Act permits required for stormwater pollution from industrial logging roads?*, published by the American Bar Association in *Trends*, Volume 43, Number 5, May/June 2012.
* Presenter, *The Clean Water Act and Logging Roads*, Pacific Northwest Timberlands CLE, Portland, Oregon, April 27, 2012.
* Presenter, *Northwest Environmental Defense Center v. Brown: Overview and Perspectives*, Public Interest Environmental Law Conference, Eugene, Oregon, March, 2011.
* Presenter, *Roads & Clean Water: New Tools for an Old Problem*, Public Interest Environmental Law Conference, Eugene, Oregon, February 2010.

**PAUL AUGUST KAMPMEIER**

811 First Avenue, Suite 468 * Seattle, Washington 98104 * (206) 858-6983

*     Presenter, *Forest Roads as Point Sources?*, Pacific Northwest Timberlands CLE, Portland, Oregon, February 28, 2008.
*     Presenter, *ESA Section 9 Actions Against State Agencies*, Public Interest Environmental Law Conference, Eugene, Oregon, March, 2008.
*     Presenter, *Roads & Clean Water:  New Tools for an Old Problem*, Public Interest Environmental Law Conference, Eugene, Oregon, March, 2006.
*     Presenter, *Land Use Litigation for Environmental Protection*, Public Interest Environmental Law Conference, Eugene, Oregon, March, 2005.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2021 I electronically filed this DECLARATION OF PAUL KAMPMEIER IN SUPPORT OF PLAINTIFF'S MOTION with the Clerk of the Court using the CM/ECF system which will send notification of such filing on the following:

Laura Glickman
Attorney for Defendants
laura.glickman@usdoj.gov

Peter Kryn Dykema
Attorney for Defendants
Peter.dykema@usdoj.gov

Dedra S. Curteman
Attorney for Defendants
dedra.curteman@usdoj.gov

Mark Brown
Attorney for Defendants
Mark.brown@usdoj.gov

Samuel W. Plauche'
Attorney for Defendant Intervenor
billy@plauchecarr.com

Jesse G. Denike
Attorney for Defendant Intervenor
Jesse@plauchecarr.com

Amanda M. Carr
Attorney for Defendant Intervenor
amanda@plauchecarr.com

Dated this 1st day of July 2021.

LAW OFFICE OF KARL G. ANUTA, P.C.

*/s/ Karl G. Anuta*
KARL G. ANUTA (WSBA #21346)
kga@integra.net

CASE NO. 2:16-CV-00950